## D. G. WALKER *v.* D. C. HAYS.

Where a bill of sale of a slave did not declare that the property was *delivered*, but contained the declaration that it was bargained and sold to the vendee, and concluded with the usual warranties—*Held* :
That such a contract of sale was complete, and the property was at the risk of the buyer.
What was said in *Smoot* v. *Russell*, 1 N. S. 528, was in relation to the construction of an instrument.

APPEAL from the District Court of the Parish of Madison, *Farrar, J.*
*Short & Parham*, for plaintiff. *P. Alexander* and *A. R. Hynes*, for defendant and appellant.

MERRICK, C. J. This suit is brought upon a draft for $1375.

The defence to the action is the failure of consideration. The facts are briefly these :

On the 12th of November, 1857, the defendant took from the plaintiff a bill of sale of a negro woman and her child about eighteen months old. The same day he delivered the plaintiff the draft in suit as the price. The bill of sale was signed by the vendor only. The slaves were suffered to remain in the plaintiff's possession, without delivery to the defendant.

On the 23d day of November, before any demand had been made for the delivery of the negress and her child, she drowned herself and child.

The case was tried by a jury, who awarded the plaintiff the sum claimed upon the draft.

The defendant and appellant relies, in this court, upon two grounds, for the reversal of the judgment.

1st. That the obligation was contracted upon a suspensive condition, and the subject of the contract was destroyed without the fault of the debtor. And

2d. That the slave was afflicted with the absolute vice of madness.

I. On the first ground, we see nothing in the bill of sale which induces us to suppose that the delivery was dependent upon a suspensive condition, or that the contract was not complete when the defendant accepted the same by giving his draft for the price. The instrument, it is true, does not declare that the property was *delivered*, but it does declare that it was " bargained and sold " to the defen-

dant, and concludes with the usual warranties. The contract of sale was, there- <span style="float:right">WALKER<br>v.<br>HAYS.</span>
fore, complete, and the property was at the risk of the buyer. C. C. 2442, 2443.
What was said in *Smoot* v. *Russell*, 1 N. S. 528, was in relation to the *construction* of an instrument.

II. On the second ground, the only evidence of insanity or madness in the slave, was the unnatural act of drowning herself and child. The inference which is sought to be drawn from this act is, to some extent, rebutted by the proof, which shows that the negro woman was endowed with " good sense." The question was one very proper to be submitted to a jury, and their finding upon the same, on the meagre proof in the record relied upon by defendant, must be held conclusive.

Judgment affirmed.